UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00119-TBR-LLK

TIFFANY LOCKE                                                                                    PLAINTIFF

v.

SWIFT TRANSPORTATION COMPANY
OF ARIZONA, LLC, *et al*.                                                                      DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on Defendants Swift Transportation Company and Tevin Davis' motion to compel production of information and documentation related to the online activities, particularly the Facebook and others social media accounts of Plaintiff, Tiffany Locke, to which the Plaintiff responded in opposition; and Defendants replied. (R. 24, 30, 31). The Court referred the matter to the undersigned Magistrate Judge for ruling on all discovery motions. (R. 16 at 1).

In their interrogatories and requests for production, Defendants requested a record of Plaintiff's social media activities, including a download of Plaintiff's Facebook account, for April 26, 2016 and the six month period afterwards relating to "Plaintiff's activities or mental status." (R. 24-2)[1]. Plaintiff objected to these discovery requests on the basis of relevance and proportionality. (Id.) As required before filing any discovery motion, Defendants requested and obtained a joint telephonic conference. (R.16). Participating in the conference were Mr.

---

[1] [A]ll data you can download from your Facebook, Twitter, Snapchat, MySpace, Foursquare, or other social media, account, membership, or app, including but not limited to, all postings, profile information, wall posts, photos, videos, notes, information concerning events to which you have RSVP'd, messages sent and received by you and others, and comments made by you and others relating to wall or timeline posts, photos, videos, and any other content dated, entered, or posted on the day of the subject accident and/or within the next six (6) months. (Defendant's Interrogatories and Requests for Production of Documents to Plaintiff).

1

Matthew Wright for the Plaintiff and Mr. Stockard R. Hickey, III, for the Defendants. During that conference, the Court granted Defendants leave to file a motion to compel. (R. 23).

This court recently addressed a similar dispute in Roach v. Hughes, *et al*, 4:13-CV-00136-JHM-HBB, Docket #12 (W.D. Ky. May 7, 2014). In Roach, Magistrate Judge Brennenstuhl found that certain parts of social media activity are discoverable, provided there is a sufficiently specific reason for the discoverability of the information. The Court finds the legal analysis in Roach is appropriate for this case and the Court will **GRANT** Defendants' motion (R. 24) in part, and **DENY** it, in part.

*Governing Legal Standards*

I. **Discovery under Federal Rule of Civil Procedure 26 is broad in scope, with relevance being the determining factor in discoverability of information.**

The scope of discovery is necessarily broad with any information tending to shed light on the claims of any party being within the scope. "[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." FED. R. CIV. P. 26(b)(1). Information need not be admissible to be discoverable. Id.

Relevance, like the scope of discovery, is necessarily broad. Any information that bears upon the likelihood of any issue that is or is likely to be raised in the case is relevant for purposes of discovery. "Relevant material for the purpose of discovery will encompass any matter that may bear upon, or reasonably could lead to other matters that could bear upon, any issue that is or likely may be raised in the case." Roach, *supra*, (*citing* Invesco Institutional, Inc. v. Pass, 244 F.R.D. 374, 380 (W.D. Ky. 2007)). Stated differently, "a request for discovery should be considered to be seeking relevant information if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action." Id., (*citing* Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 663 (D. Kan. 2003)).

Notably, "[t]he federal courts, even after the amendment of rule 26(b) in 2000 [to add a proportionality requirement], have continued to hold that '[r]elevance for the purpose of rule 26 is broadly construed.'" Id., (*quoting* Jade Trading, LLC v. United States, 655 Fed. Cl. 188, 190-91 (2005).

The relevance benchmark does not allow for unlimited intrusions into private information. The "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the need and rights of both plaintiff and defendant." T.C. ex rel. S.C. v. Metro Gov't of Nashville & Davidson Cty., 2018 WL 3348728 at *5 (M.D. Tenn. July 9, 2018) (*quoting* Scales v. J.C. Bradford and Co., 925 F.2d 901, 906 (6th Cir. 1991)). The Court has broad discretion when deciding upon the burdens and benefits of a proposed discovery motion. Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007).

## II. Under Federal Rule of Civil Procedure 34, the information requested must be described with "reasonable particularity."

Not all relevant information is within the scope of discovery. To be within the scope, the information requested must be described with "reasonable particularity" and must be "proportional to the needs of the case." FED. R. CIV. P. 34(a-b). A party must be able to understand the information requested of it. "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called or and what is not.'" Roach, *supra*, (Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (*quoting* Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D. N.C. 1992)). "All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." Roach, *supra*, (*citing*, In re Asbestos Products Liability Litigation (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009)).

**III.     Discovery of Social Networking Site Content is still a novel and evolving issue under federal law.**

Social networking site content ("SNS") is subject to discovery under Rule 34. To fall within the scope of discovery, SNS information must meet the relevance standard, and the burden of discovering the information must be proportional to the needs of the case. Put simply, social media information is treated just as any other type of information would be in the discovery process.[2]

Social media information, by its nature, does present unique challenges in the discovery process. The fact that some of a party's social media information is discoverable does not make the entirety of a party's social media information available for inspection:

> Ordering plaintiff to permit access to or produce complete copies of his social media networking accounts would permit defendant to cast too wide a net and sanction and inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable. Defendant is no more entitled to such unfettered access to plaintiff's personal email and social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home.

Ogden v. All-State Career School, 299 F.R.D. 446, 450 (W.D. Pa. 2014). Usually, the disclosure of all social media information is not appropriate. T.C. ex. Rel. S.C., 2018 WL 3348728 at *48.

---

[2] "Generally, SNS content is neither privileged nor protected by any right of privacy." Davenport v. State Farm Mut. Auto. Ins. Co., 2012 WL 555759 at *1 (M.D. Fla. Feb 21, 2012). However, "[d]iscovery of SNS requires the application of basic discovery principles in a novel context." E.E.O.C. v. Simply Storage Management, LLC, 270 F.R.D. 430, 434 (S.D. Ind. 2010). In particular, several courts have found that even though certain SNS content may be available for public view, the Federal Rules do not grant a requesting party "a generalized right to rummage at will through information that [the responding party] has limited from public view" but instead require "a threshold showing that the requested information is likely to lead to the discovery of admissible evidence." Tompkins v. Detroit Metropolitan Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012); see also Davenport, 2012 WL 555759 at *1 ("A request for discovery of [SNS content] must still be tailored . . . so that it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" (quoting FED. R. CIV. P. 26(b)(1)); Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc., 2007 WL 119149 at *7 (D. Nev. Jan. 7, 2007) ("Ordering . . . release of all private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable.").

Social media allows a person to share information with a large group of people with relatively minimal effort. However, a party does not purposely make information available to everyone in the world through actions on social media, particularly if that information is displayed only to a select group of individuals, as would be the case for a "friends only" or group posting on Facebook. The act of placing some piece of information on a social media site or communicating to another via social media messaging does not, as an act, make that communication or information subject to the discovery process, without regard to the subject matter of the case.

*Analysis*

### IV. Defendant Swift Transportation is entitled to discovery of social media information related to Plaintiff Locke's claims, but is not entitled to unfettered access to all of Locke's social media information and communications.

In the present case, Defendants contend that postings and photographs by the Plaintiff post-accident are relevant to Plaintiff's claims for injury and damages. Defendants allege that by filing this suit, Plaintiff has placed her physical, mental, and emotional well-being at issue, meaning that any information that evidences those states should be discoverable. Postings relating to the accident and Plaintiff's injuries, treatment and recovery, and photographs depicting her physical activities may be relevant to the defense against Plaintiff's claims and are therefore discoverable. However, a broad examination of all facets of Plaintiff's social media history is overbroad and unwarranted in this case.

A party is entitled to discovery of relevant information necessary to present its case. However, broad allegations of harms suffered do not justify a fishing expedition into all aspects of a party's communications. "[T]he simple fact that a claimant has had social communications is not necessarily probative of the particular mental and emotional health matters at issue in the

case. Rather, it must be the substance of the communication that determines relevance." Rozell v. Ross-Holst, 2006 WL 163143 (S.D.N.Y. Jan. 20, 2006). Information is discoverable, but only if the party seeking to discover has a reasonable basis for requesting that information. Social media communications are no different than more traditional modes of communication.

Defendants analogize Plaintiff Locke's social media activities to a diary containing information concerning her claims and her alleged injuries and damages. (R. 24-1 at 9.) Defendants believe that if any information is contained within the social media records of the Plaintiff that at all relates to the claim, then they should be entitled to inspection of the entirety of the digital record, just as they would be entitled to inspect a diary containing such information. Plaintiff analogizes her social media information to a filing cabinet containing a multitude of files with different types of information. (R. 30 at 4). Plaintiff admits that some files contained in this digital filing cabinet may be relevant to the claims or issues at hand, but Defendant is not entitled to unfettered inspection of all the filing cabinet's contents. Id. In other words, the relevance of some information in the filing cabinet does not mean that it is proportional to hand over the keys to the cabinet itself. The analogy of the Plaintiff's is well-taken. Nevertheless, Defendant is entitled to some of the requested information.

A similar set of facts and issues was addressed by the United States District Court for the District of Wyoming. In Gordon v. T.G.R. Logistics, Inc., Plaintiff Gordon sued Defendant T.G.R. for personal injuries arising from an automobile accident involving Defendant's semi-truck. Gordon v. T.G.R. Logistics, Inc., 321 F.R.D. 401. 405 (D. Wyo. 2017). As is the case with Plaintiff Locke, Plaintiff Gordon asserted damages for physical, mental, and emotional injuries. Id. T.G.R. requested Gordon's Facebook account history, which Gordon argued was beyond the scope of discovery. Id. at 402. T.G.R. believed more relevant information existed

6

and thus moved to compel additional discovery. Id. The Gordon Court denied T.G.R.'s request for access to Gordon's entire Facebook history with no limitations. Id. at 405. The Gordon Court required Plaintiff to produce only information relevant to Plaintiff's emotional state, the accident and its aftermath, and any of her physical injuries, as well as her Facebook history attesting to her levels of activity prior to the accident. Id. at 406.

Based on this analysis, the compromise resolution in Roach is appropriate for this case. Defendant will identify, with specificity, what information it particularly seeks from Plaintiff's Facebook and other social media accounts. Plaintiff, with the assistance of counsel, will review the account for such information and either provide it to Defendant or to make an objection with specific grounds for the objection to production.[3] If the parties have an issue they were unable to resolve regarding any item of production, they are directed to contact the Court for a conference to address the dispute.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **GRANTED**, in part, and **DENIED**, in part. (R. 24-1). The Motion to Compel is Granted to the extent that it seeks SNS information addressing physical activities or mental status created on April 26, 2016 to October 26, 2016 (the six month period following the incident). Defendants will identify the specific items or information they wish to have produced from Plaintiff's Facebook and other social media accounts. Plaintiff will then supply the information or object to the production with an identification of the specific grounds for the objection. If there is further dispute regarding production, the parties are to contact the undersigned for a status conference. This order only

---

[3] This approach requires the Plaintiff to conduct a thoughtful and extensive review of her Facebook and other social media accounts to identify information sought by the Defendant. As in Bosh v. Cherokee County Governmental Bldg. Auth., 2013 WL 6150799 at *4 (E.D. Okla. 2013) there is no reason to believe that Plaintiff or "counsel of record, who is an officer of this Court in good standing, will neglect their legal or ethical obligations to faithfully comply with this Court's orders" in producing the Facebook information.

7

relates to the discovery of information, and Plaintiff retains all objections regarding admissibility.

C: Counsel

February 4, 2019

Lanny King, Magistrate Judge
United States District Court