UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-cv-00119-TBR

TIFFANY LOCKE                                                                          PLAINTIFF

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
and
TEVIN J. DAVIS                                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Tevin Davis ("Davis") and Swift Transportation Co. of Arizona, LLC's ("Swift") (collectively "Defendants") Motion for Summary Judgment on Plaintiff Tiffany Locke's ("Locke") Claim for Punitive Damages. [DN 39.] Plaintiff has responded [DN 44] and Defendants have replied. [DN 49.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Defendants Motion for Summary Judgment is **GRANTED**.

### I.     Background

This action arises from an automobile accident on April 26, 2016 in Trigg County, Kentucky. Locke was driving eastbound in the right lane of the interstate. Davis was driving an eighteen-wheeler truck. Davis then merged into the right lane of the highway and Locke subsequently crashed into the rear of the truck causing injury.

Locke filed this action alleging negligent, reckless conduct by Defendants. Locke seeks to recover punitive damages from Defendants. Defendants filed this present motion for summary on Locke's claim of punitive damages.

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## III. Discussion

A. **Punitive Damages**

Locke alleges Defendants' conduct was "negligent, reckless, grossly negligent, malicious, careless, willful and wanton." [DN 1-1 at 7.] In Kentucky, a plaintiff may be entitled to punitive damages if the defendant has acted grossly negligent. *Gibson v. Fuel Transp., Inc.,* 410 S.W.3d 56, 59 (Ky. 2013). For punitive damages to be appropriate, there must be a "finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety or property of others." *Horton v. Union Light, Heat & Power Co.,* 690 S.W.2d 382, 389-390 (Ky. 1985) (internal quotations omitted). "KRS § 411.184(2) requires that this reckless or wanton behavior be proven by the elevated standard of clear and convincing evidence." *Gibson*, 410 S.W.3d 56, 59 (Ky. 2013) (internal quotations omitted).

Here, the facts are disputed. It is disputed whether Davis was merging from the shoulder after being stopped on the side of the road to read a message from Swift or if he had recently merged onto the highway. Davis, in his deposition, stated he believed he went down the on-ramp and was already in the right lane going 30 miles per hour. He stated he has no recollection of pulling over on the side of the road. On the other side, Locke alleges Swift's internal notes and vehicle data show that Davis was pulled over to read a Qualcomm message shortly before the accident. William Peyton—a representative of Swift—stated in his deposition that the Qualcomm message was read at 3:05 p.m. Central time. Peyton also acknowledges that according to the police report, the accident occurred nine minutes later—3:14 p.m. It is Locke's contention that the timing of the accident relative to the time the message was read, and relevant vehicle data proves Davis was pulled over on the side of the interstate.

Viewing the facts in light most favorable to Locke, Davis pulled to the shoulder of the interstate to read a message from Swift on the Qualcomm system. It is expressly prohibited to park trucks on the shoulder in non-emergency situations by the Federal Motor Carrier Safety Regulations, KRS § 189.450, and Swift's policy. Locke argues that Davis' alleged violation of policy and law is grossly negligent and entitles her to punitive damages. Defendants cite a string of cases that clarify what type of conduct in automobile accidents generally equals gross negligence. There must be a "causal connection" between Davis pulling over to the side of the road and the accident. *See Horn v. Hancock,* 700 S.W.2d 418, 421 (Ky. App. 1985).

Courts in Kentucky have routinely held that slightly speeding, intentional violations of statutory requirements, and falling asleep at the wheel do not meet the standard of gross negligence. *See Kinney v. Butcher,* 131 S.W.3d 357 (Ky. App. 2004); *Horn v. Hancock,* 700 S.W.2d (Ky. App. 1985); *Turner v. Werner Enterprises, Inc.,* 442 F. Supp. 2d 384 (E.D. Ky. 2006). In response, Locke cites a Sixth Circuit case allowing for punitive damages.

In *Medlin v. Clyde Sparks Wrecker Serv.,* 59 Fed. Appx. 770, 771 (6th Cir. 2003), Clyde Sparks Wrecker Services was called to tow away a car and dispatched employee Paul Brown to pick up the vehicle. The vehicle Paul was to pick up was located on the left median of Interstate 55. *Id.* Paul left the vehicle after determining it was too dangerous to pick up but returned after Clyne Sparks—President of Clyde Sparks Wrecker Services—implored him to return to the scene. The police were not called for assistance, the wrecker truck protruded into the left lane of the interstate, and no emergency devices were placed in front of the truck—as required by regulations. *Id.* at 771-772.

The Court in *Medlin* found that a reasonable jury could find by clear and convincing evidence that Clyde Sparks Wrecker Services failed to exercise reasonable care and acted recklessly due to its knowledge of the dangerous position of the wrecker truck. *Id.* at 775-776.

Here, even if the facts are as Locke alleges, the Court finds that a jury could not reasonably find by clear and convincing evidence that the Defendants' actions were grossly negligent. According to Davis's deposition testimony, he would pull over to communicate with Swift whenever needed and this was okay with Swift. However, Locke has not alleged that on this specific instance Swift had knowledge of Davis pulling over to the side of the road. In William Peyton's deposition, he noted the possible danger that could come with parking on the side of the highway. The injuries here were not caused by being pulled over on the side of the road. At worse, the injuries were caused by Davis' alleged negligence in pulling out in front of Locke. In the facts of this case, pulling out in front of a car does not constitute gross negligence.

*Medlin* is distinguishable from the present case. In that case, the employer was aware on the day of the accident of the dangerous position of the disabled car. Despite that knowledge, the employer encouraged the driver to return to the scene and retrieve the car. Here, as previously stated, Locke has not alleged any facts that Swift was aware on this specific occasion that Davis was on the side of the road. Nor is there evidence that anyone directed Davis to pull out in fron of Locke's vehicle. Also, in *Medlin,* there were multiple violations. The failure to call the police and place emergency devices in front of the truck contributed to the finding of gross negligence. Here, there were no other violations. If Davis was on the side of the road, that was the only violation. Kentucky courts have routinely held that intentional violations of requirements do not equate to gross negligence. The present case falls into that category. As such, a jury could not reasonably find by clear and convincing evidence that the cause of this wreck was gross negligence.

5

## B. Vicarious Liability and Punitive Damages

In Kentucky, punitive damages are not to be awarded against an employer for the actions of an employee are limited by statute. KRS § 411.184(3) states:

> In no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question.

Plaintiff's must also "demonstrate that not only did [the employee] act grossly negligent during the scope and course of his employment with [the employer]…, but also the [the employer] either authorized or should have anticipated [the employee's] wrongful conduct." *McGonigle v. Whitehawk,* 481 F. Supp. 2d 835, 841.

Here, the Court has held that Davis cannot be found grossly negligent. Even though Locke has alleged Swift should have anticipated Davis' conduct, this Court finds no gross negligence. Therefore, punitive damages may not be vicariously assessed to Swift.

## C. Constitutionality of Punitive Damages

Defendants next argue that the imposition of punitive damages is not constitutional. *State Farm Mutual Auto Insurance Co. v. Campbell,* 538 U.S. 408, 422 (2003) held that each state has a right to determine punishment for itself. However, the facts of *State Farm* are distinguishable from the case at hand. In *State Farm,* the Campbells were looking "to expose, and punish, the perceived deficiencies of State Farm's operations throughout the country." *Id.* at 420. The Court also stated that there was no "error in awarding punitive damages based upon State Farm's conduct toward the Campbells". *Id.* at 419. Here, Locke is not seeking to punish Swift for any actions other than the acts she alleges have impacted her.

The Supreme Court in *BMW of N. Am. v. Gore,* 517 U.S. 559, 575 (1996) held, "the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." The Court is also to consider whether:

> "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."

*Id.* at 576-577. All factors need not be present. Here, it is undisputed that Locke suffered physical injury. However, the Court does not find that the cause of these injuries was to such a reprehensible level to warrant punitive damages. At most, the injuries suffered were caused by ordinary negligence. Therefore, punitive damages would not be appropriate under the relevant standard.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Claim for Punitive Damages [DN 39] is **GRANTED.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 14, 2019

cc: counsel