UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-CV-00119-TBR

TIFFANY LOCKE                                                                              PLAINTIFF

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
and
TEVIN J. DAVIS                                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants Swift Transportation and Tevin Davis', collectively ("Defendants"), Motion in Limine to Exclude "Reptile Theory" and "Golden Rule" Arguments and Evidence. [DN 63.] Plaintiff, Tiffany Locke ("Locke") has responded. [DN 73.] The time to reply has passed. As such, this matter is ripe for adjudication. For the reasons that follow, Defendants Motion in Limine is **GRANTED IN PART** and **DENIED IN PART.**

I. Legal Standard

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should

the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

## II. Discussion

### 1. Reptile Theory

Defendants ask this Court to prevent Locke from using the "Reptile Theory" during trial. This theory encourages attorneys to play to the jurors' survival instincts and protect themselves and the community from the actions of the tortfeasor. Defendants argue that if Locke uses this strategy and is successful, the jurors will determine the case not based on the facts but based on a plea to their emotions. Defendants seek to exclude several categories of evidence from trial.

**A. Questions, evidence, and arguments suggesting the duty of care owed by Defendants should be based on "safety rules," "reckless behavior," "inherently dangerous or ultrahazardous activities," and preventing "danger" rather than the applicable standard of care.**

Defendants do not state what specific evidence they want excluded. Safety rules are relevant to this case. Mentioning the relevant safety rules and policies would not unfairly prejudice Defendants. However, the Court will be cognizant of any attempt by either party to supplant the required standard of care with appeals to the jury's emotion. Any such appeal will not be permitted. Therefore, this motion in limine is **DENIED.**

**B. Testimony concerning or related to putting profits over safety and communication shortfalls within the trucking industry and any correlation between them.**

In response, Locke states that this motion in limine is purely argument-based and should be denied. Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence. Testimony about shortfalls within the trucking industry in general would not be relevant to any issues in this case. Evidence that is relevant to the issue of negligence is admissible. The Court is unclear what "shortfalls" means. Defendant may make objections to evidence that is not relevant. Shortfalls of Swift that are relevant to this action would be admissible. Therefore, this motion in limine is **GRANTED IN PART** and **DENIED IN PART.**

**C. Questions, evidence, and arguments at trial that encourage the jury either directly or indirectly to "send a message"/protect the public/punish with their verdict.**

Defendants argue that any statements directing the jury to "send a message", protect the community, or punish with its verdict is improper and encourages the jury to make moral or social judgments rather than determining the facts. Defendants also state that these arguments appeal to the passions of the jurors. In response, Locke argues that the jury's purpose is to serve as the conscience of the community. Here, the Court finds that statements to the jury suggesting it should "send a message" to Defendants could be highly prejudicial. Pleas for the jury to send a message often become an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict." *Strickland v. Owens Corning,* 142 F.3d 353, 358-359 (6th Cir. 1998). These types of arguments are disfavored in this circuit. *See Brooks v. Caterpillar Global Mining Am.,* 2017 U.S. Dist. LEXIS 125095 *23 (W.D. Ky. Aug. 8, 2017). Punitive damages in this case have also been dismissed. Locke's argument that the purpose of punitive damages is to punish and deter is now moot. Therefore, the Court will not allow any questions, evidence, or arguments that the jury should send a message, protect the public, or punish with its verdict. This motion is **GRANTED.**

**2. Golden Rule**

Defendants ask that Locke be prohibited from using the Golden Rule argument. In response, Locke states that she does not intend to make statements in violation of this rule. The Golden Rule asks for jurors to place themselves in the place of the plaintiff. This is a prohibited argument. *See Mich. First Credit Union v. Cumis Ins. Soc., Inc.,* 641 F.3d 240, 249 (6th Cir. 2011); *Johnson v. Howard,* 24 F. App'x 480, 497 (6th Cir. 2001). Therefore, this motion is **GRANTED**.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

1.) Defendants' request to exclude questions, evidence, and arguments on "safety rules", "reckless behavior," "inherently dangerous or ultrahazardous activities," and preventing "danger is **DENIED**;

2.) Defendants' request to exclude testimony concerning or related to putting profits over safety and communication is **GRANTED** as it applies to the trucking industry in general but **DENIED** as applied to Swift; and

3.) Defendants' requests to exclude questions, evidence, and arguments at trial encouraging the jury to "send a message"/protect the public/deter are **GRANTED.**

**IT IS SO ORDERED.**

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 14, 2019

cc: counsel