UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-cv-00119-TBR

TIFFANY LOCKE                                                                              PLAINTIFF

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and
TEVIN J. DAVIS
                                                                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Tiffany Locke's ("Locke") Motions in Limine. [DN 54.] Defendants Swift Transportation Co. of Arizona, LLC and Tevin Davis, collectively ("Defendants") have responded. [DN 66.] The time to reply has passed. As such this matter is ripe for adjudication. For the reasons that follow, Locke's Motions in Limine are **GRANTED IN PART** and **DENIED IN PART.**

### I. Legal Standard

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that

1

questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

## II. Discussion

1. **Defendants should be precluded from introducing evidence of other physical and mental condition(s) of Plaintiff not related to the injuries received in this crash.**

Locke argues that any other medical conditions and treatment she has had in the past were not involved in this crash or her injuries. She further argues that evidence of these conditions or treatment are not relevant and Federal Rule of Evidence 402 prohibits irrelevant evidence. In response, Defendants assert that Locke has placed her mental and physical condition into issue and must prove that Defendants caused injury to Locke.

The Court agrees with Defendants. There may be circumstances where Defendants can, in accordance with the Federal Rules of Evidence, use other physical and mental conditions to combat causation. This issue cannot be resolved in its entirety prior to trial as the motion is too vague. The Court reserves the right to rule on the admissibility of certain evidence at trial. Therefore, Locke's motion in limine #1 is **DENIED**.

2. **Defendants should be precluded from any reference, argument, or the introduction of Plaintiff's medical records not relevant to the personal injury claim at issue.**

Here, Locke argues that Defendants should not reference or admit her medical records not pertaining to the injuries from the crash because they are not relevant. Again, the Court finds that medical records that combat causation are relevant. At this point, the Court cannot preclude all medical records because some may be relevant to the issues at hand. The Court again reserves the right to rule on the admissibility of certain evidence at trial. Therefore, Locke's motion in limine #2 is **DENIED**.

> **3. Defendants should be precluded from making any reference to collateral sources.**

The collateral source rule "precludes courts from reducing a plaintiff's medical damages based on insurance payments made for [her] care, so long as the associated premiums were paid by the plaintiff [herself] or a third party other than the tortfeasor." *King Joseph X v. Liberty Mut. Grp., Inc.,* 2018 U.S. Dist. LEXIS 16512, *7 (W.D. Ky. Feb. 1, 2018). "Plaintiff may seek recovery for the reasonable value of medical services without consideration of insurance (or Medicare) payments. *Fulcher v. United States,* 88 F. Supp. 3d 763, 774-775 (W.D. Ky. 2015). Defendants state that they do not intend to offer evidence on Locke's collateral source benefits. However, Defendants state that if Locke introduces medical bills to prove reasonable medical expenses, evidence that the amount actually charged WAS less is admissible. The Court disagrees.

Although the amount charged on a bill may not be the amount charged to the payor this Court has found that evidence to be inadmissible. *Dossett v. Wal-Mart Stores East, L.P.,* 2016 U.S. Dist. LEXIS 4515 *5 (W.D. Ky. Jan. 14, 2016). Therefore, Locke's motion in limine #3 is **GRANTED**.

> **4. Any reference, argument, suggestion, inference or evidence as to whether any or all of Plaintiff's medical expenses have been paid, or not paid, or are not fully paid.**

3

For the same reasons stated above addressing motion in limine #3, Locke's motion in limine #4 is **GRANTED.**

5. **Defendants should be precluded from speculating on non-testifying witnesses.**

Locke seeks to exclude any comment on the failure to call certain witnesses. Defendants argue that Locke has the burden of proving her case and this is an essential consideration for the jury. The Court does not have enough information at this point to make a ruling. The Court reserves the right to make a ruling on the admissibility of such evidence during trial. Counsel should approach the bench before commenting on the failure of opposing counsel to call a witness. Therefore, Locke's motion in limine #5 is **DENIED.**

6. **Defendants should be precluded from making any reference, argument, suggestion, or inference of greed or avarice.**

Defendants argue that Locke will offer evidence that an award of damages in reasonable. Defendants also state that they must be allowed to offer evidence that damages will place Locke in a better position. The Court does not disagree with Defendants argument. Defendants may argue that the damages Locke seeks are unreasonable. However, the Court will not allow Defendants to make prejudicial statements about Locke. Comments that Locke is motivated by greed will not be permitted. Therefore, Locke's motion in limine #6 is **GRANTED.**

7. **Defendants should be precluded from making any reference, argument, suggestion, or inference of the effect of any judgment.**

A jury is entitled to determine whether the amount of damages Locke is asking for is reasonable based on the harm suffered. However, the Court will not permit argument on whether Defendants would or would not suffer hardship upon an award of damages. Locke's motion in limine #7 is **GRANTED.**

8. **Defendants should be precluded from any reference, argument, or the introduction of any other incidents, accident, arrests, lawsuits or injuries involving Plaintiff.**

Locke has stated that she is unaware of any criminal history or prior incidents, injuries, or accidents that are relevant to this matter. Defendants state that they do not intend to introduce evidence of Locke's criminal or accident history. Locke's motion in limine #8 is **GRANTED.**

9. **Defendants should be precluded from any reference, argument, or the introduction of any witnesses, including expert witnesses, and other evidence not timely identified.**

Defendants have no intention of offering witnesses or exhibits not disclosed in discovery. However, Locke's remedy is better suited under Fed. R. Civ. P. 26(a) and 37 rather than a motion in limine. *See Sloan v. Drury Hotels Co., LLC,* 2016 U.S. Dist. LEXIS 113844 *4 (W.D. Ky. Aug. 25, 2016). Rule 26 requires a party to disclose all evidence intended to be used at trial. Rule 37 provides that a party is not allowed to use information if it has not been disclosed. The Court also has the option to order other sanctions. If there is noncompliance, the Court will determine sanctions, if any at that time. Locke's motion in limine #9 is **DENIED.**

10. **Evidence concerning offers to compromise or settle claim.**

Both parties agree that evidence of settlement discussions should be excluded. Locke's motion in limine #10 is **GRANTED.**

11. **Tax liability of damage awards and/or reductions for personal consumption.**

Defendants state that they do not anticipate arguing this issue to the jury. Therefore, Locke's motion in limine #1 is **GRANTED.** Should Defendants feel that Locks opens the door to any such argument at trial, counsel may approach the Court and seek leave to do so.

12. **That any future damages should be reduced to present value.**

Locke relies on *Paducah Area Public Library v. Terry,* 655 S.W.2d 19 (Ky. App. 1983) to support its proposition that the reduction of damages should not be admitted into evidence. Defendants state that Locke mischaracterizes the law. However, this Court is not bound by that decision. *See Winston v. United States,* 11 F. Supp. 2d 948, 950 (W.D. Ky. 1998). District Courts in this circuit have found the total offset methodology to be reliable, save time, and reduce jury confusion. *See Jackson v. E-Z-GO Div. of Textron, Inc.,* 2018 U.S. Dist. LEXIS 124059 *50-51 (W.D. Ky. July 25, 2018). The total offset method saves "substantial time and reduce[s] the likelihood of jury confusion". *In re Air Crash at Lexington, KY.,* 2008 U.S. Dist. LEXIS 52770 *8 (E.D. Ky. July 2, 2008). Here, the Court finds the reasoning of the aforementioned cases persuasive. Locke's motion in limine #12 is **GRANTED.**

> **13. When the plaintiff first consulted with counsel, or when suit was filed, or the reasons why suit has been filed.**

In response, Defendants state that counsel is entitled to latitude in closing arguments. Defendants also state that the evidence will show that Locke is motivated by a desire to benefit financially. Federal Rule of Evidence 403 prohibits unfairly prejudicial evidence. Locke's motive in filing suit is not relevant to the issues in the case. *See Vaughn v. Target Corp.,* 2015 U.S. Dist. LEXIS 17912 *8 (W.D. Ky. Feb. 13, 2015). The Court finds that evidence of this nature is both irrelevant and unfairly prejudicial to Locke. Locke's motion in limine #13 is **GRANTED.**

> **14. Any adverse comment upon Plaintiff's decision not to call each and every treating physician.**

Locke seeks to exclude any comment on the failure to call all treating physicians. Defendants argue that Locke has the burden of proving her case and this is an essential consideration for the jury. The Court does not have enough information at this point to make a ruling. The Court reserves the right to make a ruling on the admissibility of such evidence during

trial. Counsel should approach the bench before commenting on the failure of opposing counsel to call a witness. Therefore, Locke's motion in limine #14 is **DENIED.**

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

1.) Locke's Motion in Limine # 1-2, 5, 9, 14 are **DENIED;** and

2.) Locke's Motion in Limine # 3-4, 6, 7-8, 10-13 are **GRANTED.**

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 14, 2019

cc: counsel