UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-cv-00119-TBR

TIFFANY LOCKE                                                                                    PLAINTIFF

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
and
TEVIN J. DAVIS                                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Tevin Davis ("Davis") and Swift Transportation Co. of Arizona, LLC's ("Swift") (collectively "Defendants") Motion to Bifurcate or Dismiss Negligent Hiring Claim. [DN 38.] Plaintiff Tiffany Locke ("Locke") has responded [DN 41] and Defendants have replied. [DN 42.] Locke then filed an Unopposed Motion for Leave to File Sur-Reply. [DN 46.] Locke subsequently filed her Sur-Reply. [DN 50.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Locke's Unopposed Motion for Leave to File Sur-Reply [DN 46] is **GRANTED** and Defendants Motion to Bifurcate or Dismiss Negligent Hiring Claim [DN 38] is **GRANTED**.

### I. Background

This action arises from an automobile accident on April 26, 2016 in Trigg County, Kentucky. Locke was driving eastbound in the right lane of the interstate. Davis was driving an eighteen-wheeler truck. Davis then merged into the right lane of the highway and Locke subsequently crashed into the rear of the truck causing injury.

Locke filed this action alleging, among other things, negligent hiring, training, retention and supervision by Swift. Defendants brought this motion seeking dismissal of this claim or, in the alternative, bifurcation from the proof of liability.

## II. Legal Standard

### A. Dismissal

In considering a motion to dismiss, the Court must accept as true all factual allegations set forth in the complaint and make all reasonable inferences in favor of the non-moving party. *Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint will be dismissed "if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

### B. Bifurcation

Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision to bifurcate is firmly within the discretion of the trial court. *Smith v. Allstate Ins. Co.*, 403 F.3d

401, 407 (6th Cir. 2005). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course. *E.g. Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); *Stoudemire v. Mich. Dep't of Corr.*, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011).

### III. Discussion

#### A. Dismissal

In Locke's response, she referenced expert testimony from Roger Allen on "industry standards and customs of hiring in the trucking industry". [DN 41 at 8.] Since Defendants have filed a motion under Fed. R. Civ. P. Rule 12(b)(6), the Court will only consider the pleadings when deciding this motion.

Defendants argue Locke's negligent hiring, training, retention, and supervision claim should be dismissed because a negligent hiring claim cannot be maintained alongside a claim of respondeat superior. In support, Defendants cite cases that state once an employer has admitted respondeat superior liability, evidence to support a claim of negligent hiring, training, and supervision is unnecessary. *See Southard v. Belanger,* 966 F. Supp. 2d 727, 746 (W.D. Ky. 2013); *Oaks v. Wiley Sanders Truck Lines, Inc.,* 2008 U.S. Dist. LEXIS 10911, at *2-3 (E.D. Ky. Nov. 10, 2008). In response, Locke argues that case law in Kentucky makes an exception to the general rule when a claim for punitive damages exists.

The Court agrees with Defendants. The Court in *Southard* recognized an exception where there is a viable claim for punitive damages. *Southard,* 966 F. Supp. 2d at 746. That Court noted "since [the employer] has admitted respondeat superior liability, the presentation of evidence to support the negligent training and supervision claim is unnecessary." *Id.* The evidence that would be admitted in the negligent hiring claim would be "laboriously submitted" and would "serve no purpose." *See Oaks, supra* at 2. In a previously filed Memorandum Opinion and Order, this Court held that Locke's claim for punitive damages would be dismissed. Here, Swift has admitted respondeat superior liability. Since there is no longer a viable claim for punitive damages, the Court must dismiss Locke's claim for negligent hiring.

Defendants also argue that Locke has not alleged any facts in the Complaint to sustain this claim and Locke's claim is preempted. The Court does not need to reach the merits of these arguments due to dismissing on other grounds.

### B. Bifurcation

Defendants argue, in the alternative, that the presentation of evidence on this claim should be bifurcated to prevent undue prejudice to Defendants. This argument is moot due to the Court dismissing this claim.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

    1.) Locke's Unopposed Motion for Leave to File Sur-Reply, [DN 46] is **GRANTED**; and

2.) Defendants' Motion to Bifurcate or Dismiss Negligent Hiring Claim, [DN 38], is **GRANTED**. Locke's Claim for negligent hiring, training, supervision, and retention is dismissed.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 18, 2019

cc: counsel