UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-CV-00119-TBR

TIFFANY LOCKE                                                                                               PLAINTIFF

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
and
TEVIN J. DAVIS                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants Swift Transportation and Tevin Davis', collectively, ("Defendants") Motion in Limine to Exclude Evidence of Unrelated Prior Acts. [DN 65.] Plaintiff, Tiffany Locke ("Locke"), has responded. [DN 74.] The time to reply has passed. As such, this matter is ripe for adjudication. For the reasons that follow, Defendants' Motion in Limine is **GRANTED.**

**I. Background**

This action arises from an automobile accident on April 26, 2016 in Trigg County, Kentucky. Locke has asserted claims of negligence against Davis and negligent hiring, training, and supervision against Swift in addition to others. Swift filed a motion with this Court to dismiss that claim, or in the alternative, bifurcate the proof of liability from proof on the negligent hiring claim. In a previously filed Memorandum Opinion and Order, this Court dismissed that claim. In the present motion, Defendants seek exclusion of any evidence of Davis' driving history, safety, and any other accidents.

**II. Legal Standard**

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

### III. Discussion

Federal Rule of Evidence 401 states, "evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Rule 404(b) states in relevant part:

> (1) **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Defendants argue that evidence of any prior acts is not relevant, and its probative value is substantially outweighed by unfair prejudice. In response, Locke argues that this evidence is relevant and probative of Swift's alleged negligence.

## A. Relevance

Evidence of prior accidents, or violations of policy or law is not relevant to whether Davis acted negligent on the day of this wreck. As previously stated, relevant evidence makes a fact of consequence more or less probable. Evidence that in the past Davis allegedly violated policy does not make it more or less probable that he was negligent on the day in question.

## B. Probative Value

This type of evidence is not probative of any material issue in the claim against Davis. In Locke's response, she argues the evidence is probative of Swift's negligence. Locke does not argue that this is probative of Davis' negligence. Swift has already acknowledged that it is vicariously liable if Davis is found to be negligent.

## C. Prejudice

The Court agrees with Defendants that the admission of Davis' prior acts would be unfairly prejudicial. Davis' acts on prior occasions have no bearing on his actions on the day of the accident.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendants motion is **GRANTED.**

**IT IS SO ORDERED.**

cc: Counsel